IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIC L. HILL, #1917752 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv1053 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Eric L. Hill, an inmate confined in the Texas prison system, proceeding *pro se*, brings the above-styled and numbered petition for a writ of habeas corpus challenging his Gregg County conviction for the offense of continuous violence against the family. After a jury trial, he was sentenced to twenty-seven years of imprisonment. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #27) concluding that the petition should be denied. Mr. Hill has filed objections (Dkt. #29).

Mr. Hill initially alleges that his attorney was ineffective for failing to request a jury instruction for a lesser included offense. Mr. Hill observes that counsel argued to the jury that he was guilty of only Class A misdemeanor assault, but he failed to ask for an instruction. Magistrate Judge Love found that Mr. Hill had not shown that counsel was ineffective on this issue. In his objections, Mr. Hill argues that he had a right to a jury instruction on the lesser included offense.

The issue of whether counsel was ineffective for failing to request a jury instruction for a lesser included offense was fully developed during the State habeas corpus proceedings. Counsel stated in an affidavit that it was their trial strategy to forego asking for the lesser included offense

1

instruction. The "reasoning for the absence of the instruction was that he was innocent of the crime of which he had been accused. . . . It was [Mr. Hill's] strategy." SHCR at 117-18.

In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690, 104 S. Ct. at 2066.

In the present case, counsel did not ask for a jury instruction regarding a lesser included offense because of trial strategy. As was noted in *Strickland*, the decision is "virtually unchallengeable." *Id.* In his objections, Mr. Hill disputes the finding that he agreed to forego an instruction on a lesser included offense, but the issue was fully developed and rejected in the State court proceedings. With respect to the finding of fact, Mr. Hill failed to rebut the "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Mr. Hill has not shown that he is entitled to relief because he failed to show, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Finally, Mr. Hill is not entitled to relief because he failed to satisfy his burden of overcoming the "doubly" deferential standard that must be accorded counsel in conjunction with § 2254(d). *Harrington v. Richter*, 562 U.S. 86,

105, 131 S. Ct. 770, 788 (2011). Mr. Hill has not shown that he is entitled to relief on his first ineffective assistance of counsel claim.

Mr. Hill also argues that his attorney was ineffective for failing to object to the following comments made by the prosecutor during closing arguments:

> Without your help, without your service, the criminal justice system breaks down. So I, too, want to thank you for your time and effort. Don't let this trend continue. Violence begets violence. Raven Thomas may not be a sympathetic victim, Antionette Morgan may not be a sympathetic victim. But there are two people that this case is really about, and their names are Brailynn Thomas and Malik Hill. And I'm afraid to say that if we don't do something today, if we don't tell this defendant what he did was wrong, then we're going to continue seeing things like three-year-olds with machetes in their hands. Because all they know how to do is to do what Daddy does. All they know how to do is to act like "my Dad does." Because Eric Hill is a role model. Do not forget that. He is the worst kind of role model we can have for those two young boys. I fear that there are two Eric Hills being raised in that house when he is there present. And that is my biggest fear.

5 RR 183. Mr. Hill complains that the prosecutor stated that the real victims were the two boys. He added that the prosecutor expressed the fear that two Eric Hills were being raised in the home. He argues that the prosecutor was improperly injecting his own personal beliefs and fears.

Under Texas law, the Texas Court of Criminal Appeals has repeatedly held that the following areas are proper for argument: (1) summary of the evidence, (2) reasonable deductions from the evidence, (3) responses to opposing counsel's argument, and (3) pleas for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990); *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988). The Fifth Circuit has recognized that these four areas are acceptable under Texas law. *Buxton v. Collins*, 925 F.2d 816, 825 (5th Cir.), *cert. denied*, 498 U.S. 1128 (1991).

In the present case, the State's closing argument fell within the parameters of a proper jury argument. On redirect examination, the complainant affirmed that her three-year-old son came downstairs with a machete. 5 RR 46-47. Officer Robert Brian testified that he observed the child coming downstairs with the machete. 5 RR 131. Officer David Gray testified that he saw the three-year-old son coming down the stairs with the machete over his head, and they had to disarm him. 5 RR 140. The Fifth Circuit has found that argument is not objectionable when it properly summarizes the evidence and draws reasonable inferences from it. *Buxton*, 925 F.2d at 825.

In his objections, Mr. Hill argues that he should not be found guilty based on the actions of his three-year-old son. Nonetheless, evidence was presented at trial that the child came down the stairs with a machete when the police were at Mr. Hill's home. The prosecutor's comments properly summarized the evidence, and he made reasonable deductions from the evidence. Moreover, his comments were appropriate as a plea for law enforcement. Counsel was not required to make frivolous or futile motions or objections. *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). The Fifth Circuit has held that a failure to make meritless objections does not result in the ineffective assistance of counsel. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (the "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite."). The second ineffective assistance of counsel claim lacks merit.

The second ineffective assistance of counsel claim should be rejected for the additional reason that Mr. Hill has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Finally, the second ineffective assistance of counsel claim should be rejected because Mr. Hill has not overcome the doubly deferential standard that must be accorded to counsel. Mr. Hill has not shown that he is entitled to relief on his second ineffective assistance of counsel claim.

Mr. Hill finally makes a brief objection to the rejection of his Double Jeopardy claim. The Double Jeopardy bar protects against a second prosecution after acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S. Ct. 2536, 2540 (1984) (citations omitted); *U.S. v. Nichols*, 741 F.2d 767 (5th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S. Ct. 1186 (1984). This principle applies when the prior prosecution was for a lesser included offense. *Waller v. Florida*, 397 U.S. 387, 90 S. Ct. 1184 (1970). In a jury trial, jeopardy attaches when the jury is sworn in. *Crist v. Bretz*, 437 U.S. 28, 32, 98 S. Ct. 2156, 2159 (1978). In a bench trial, jeopardy attaches when the judge begins to receive evidence. *United States v. Pitts*, 569 F.2d 343, 346 (5th Cir. 1978). Jeopardy does not attach when a case involves nothing more than the pretrial dismissal of charges. *United States v. Boyd*, 566 F.2d 929, 923 (5th Cir. 1978).

The record in the present case reveals that the misdemeanor charges against Mr. Hill were dismissed before there was a trial. Jeopardy did not attach. The Double Jeopardy claim lacks merit. The Double Jeopardy claim must be rejected for the additional reason that Mr. Hill has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that

5

was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Hill to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Hill's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **April, 2017.**

_____
Ron Clark, United States District Judge